UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Cr. A. No. 09-00160-01 |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **AMON RASHAD PEOPLES** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

This case arises from Defendant Amon Rashad Peoples' involvement in credit and debit card fraud activities. Defendant was indicted on July 24, 2009, in a six-count Indictment. On February 11, 2010, Defendant entered a guilty plea before Magistrate Judge Hayes to Counts 1, 4, and 5 of the Indictment. In Count 1, Defendant pled guilty to conspiring with Co-Defendant Tonyell Toliver ("Toliver"), and others known and unknown to the grand jury, to commit access device fraud in violation of 18 U.S.C. §§ 371 and 1029(a)(3). In Count 4, Defendant pled guilty to charges that he committed the offense of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) and (b)(2) and 18 U.S.C. § 2. In Count 5, Defendant pled guilty to attempted bank fraud in violation of 18 U.S.C. § 1344(1) and (2). A thirteen-page plea agreement was filed on that same date, and Special Agent Darron Craft ("Agent Craft") of the United States Secret Service testified and provided a factual basis for the plea.

Also on February 11, 2010, Toliver entered a guilty plea to Count 1 of the Indictment, conspiracy to commit access device fraud, and to Count 3 of the Indictment, access device fraud in violation of 18 U.S.C. § 1029(a)(3) and (4). On March 11, 2010, having received no objections, the Court adopted Magistrate Judge Hayes' Report and Recommendation and accepted

Defendant's and Toliver's guilty pleas.

On June 15, 2010, the Court convened a sentencing hearing in Toliver's and Defendant's cases. Toliver proceeded to sentencing, and she was ordered to pay restitution in the amount of $8,340.61, jointly and severally with Defendant and another co-conspirator, Shawna Batiste ("Batiste"), Crim. Action No., 09-00140.[1] After meeting with counsel and the probation officer in Chambers to discuss certain objections raised by Defendant, the Court was prepared to sentence Defendant. However, Defendant then proceeded to discharge his attorney, Steven Jefferson, and Mr. Jefferson moved to withdraw. After questioning Defendant on the record, the Court granted Mr. Jefferson's oral motion to withdraw. At Defendant's request, and because Defendant's financial information was already of record in the case, the Court appointed the Office of the Federal Public Defender to represent Defendant or to appoint an attorney from the Civil Justice Reform Act ("CJA") Panel. Sentencing was re-set for September 7, 2010.

In light of the continuance, the Government informed the Court that it intended to provide information to the probation officer on additional victims and losses that could be substantiated. The Court instructed the Probation Officer to issue an amended Pre-Sentence Investigation Report once he received that information.

On June 24, 2010, Walter Caldwell was appointed to represent Defendant.

On August 5, 2010, Defendant submitted a letter motion, indicating that he wished to discharge Mr. Caldwell and represent himself in these proceedings. In light of Defendant's motion, the Court converted the sentencing hearing set on September 7, 2010, at 9:30 A.M., to

---

[1] Batiste was ordered to pay the same amount of restitution in a separate hearing on March 8, 2010. Crim. Action No. 09-00140 [Doc. No. 23].

a hearing on Defendant's motion for self-representation.

On August 16, 2010, the Court granted Defendant's motion for extension of time to file objections to the Pre-Sentence Investigation Report, pending the ruling on the motion for self representation.

On August 25, 2010, Defendant filed a Motion to Withdraw Guilty Plea [Doc. No. 88], which was also set for hearing on September 7, 2010.

On September 7, 2010, the hearing on Defendant's pending motions was continued to October 4, 2010, because of other pending criminal matters.

A hearing was held on October 4, 2010. After questioning, the Court found that Defendant had knowingly and voluntarily determined that he wished to represent himself and granted his motion for self-representation. The Court then held a hearing on Defendant's Motion to Withdraw Guilty Plea. After considering the evidence and argument of Defendant, *pro se*, and the Government, the Court denied Defendant's Motion to Withdraw Guilty Plea [Doc. Nos. 97 & 98]. Sentencing was set for hearing on November 2, 2010. Prior to the close of the hearing, the Court provided Defendant with a copy of the United States Sentencing Guidelines to assist him in his own representation.

On October 8, 2010, Defendant filed a Motion to Suppress [Doc. No. 99] and a Motion to Dismiss [Doc. No. 100], both of which were denied by the Court on October 13, 2010 [Doc. No. 101]. The Court continued Defendant's sentencing hearing to December 6, 2010, to give him sufficient time to prepare and to allow him to make objections to the Pre-Sentence Investigation Report.

On December 6, 2010, the final sentencing hearing in this case was convened. The

Government presented testimony from Agent Craft; another United States Secret Service Agent, Sean Connor; and two of Defendant's co-conspirators, Dominique Flynn and Demetricus Watson. Defendant cross-examined the witnesses and presented some evidence, but did not testify under oath or present any witnesses. After all evidence and argument had been presented, the Court deliberated before rendering a decision. While reviewing the evidence, the Court realized that the Pre-Sentence Report recommended that Defendant pay restitution jointly and severally with his so-called "Monroe" co-conspirators, Toliver and Batiste, in an amount less than Toliver and Batiste were ordered to pay. The Probation Officer explained that some of the documents provided to him from the Government appeared to differ from earlier submissions. Based on the evidence presented, the Court accepted the Government's final calculation of actual losses as being $93,966.79, and the amount Defendant owed jointly and severally with Toliver and Batiste as being $8,340.61. The Court amended the Pre-Sentence Report to conform with what it believed to be the evidence and issued a Judgment reflecting the restitution amounts as stated at the hearing.

However, after the Court's Judgment was entered, the Court learned that the amounts listed in the Judgment as due to the individual payees did not comport with the joint and several amount.

Within fourteen (14) days of the date sentence was pronounced, on December 20, 2010, the Government filed a Motion to Correct Defendant's Judgment [Doc. No. 124]. In its motion, the Government stated that the total amount of restitution, including the amount owed jointly and severally with Toliver and Batiste, is correct. However, the Government pointed to the three errors in the Judgment: (1) the amount of restitution payable to JP Morgan Chase should

be corrected from $2,531.41 to $4,837.88; (2) the amount of restitution payable to DFCU Financial Fraud Department (Dearborn, Michigan) should be corrected from $172.45 to $491.28; and (3) Digital Federal Credit Union Loss Prevention Department (Marlborough, Massachusetts) should be added to the list of payees with an amount of $172.45 owed as restitution.

Believing that the total amount of restitution, including the amount owed jointly and severally, did not change and these amendments merely correct "a sentence that resulted from arithmetical, technical, or other clear error," the Court granted the motion and issued an Amended Judgment pursuant to FED. R. CRIM. P. 35(a).

After the Memorandum Order and Amended Judgment were filed and outside the time limitations of Rule 35(a), the Court learned that the changes proposed by the Government were consistent with the joint and several obligation of Toliver and Batiste, but increased Defendant's total restitution by $2,797.75. After learning this fact, Chambers staff contacted the Government and counsel recently retained by Defendant and notified them of the Court's intent to issue this Memorandum Order and the accompanying Second Amended Judgment. Counsel for Defendant notified the Court that it had no objection. Therefore,

IT IS ORDERED that a Second Amended Judgment issue with the following provisions:

(1)   the amount of restitution payable to JP Morgan Chase is set as originally ordered in the amount of $2,531.41;

(2)   no restitution is ordered to DFCU Financial Fraud Department (Dearborn, Michigan), and it is removed from the list of payees[2];

---

[2] Although DFCU Financial Fraud Department (Dearborn, Michigan) ("DFCU") was awarded restitution in the amount of $172.45 in the original Judgment, that award was clear error, which resulted from the similarity of the names of DFCU and Digital Federal Credit Union Loss Prevention Department (Marlborough, Massachusetts) ("Digital Federal"). The amount of $172.45 was clearly owed to Digital Federal, not DFCU. Although DFCU is

    (3)    Digital Federal Credit Union Loss Prevention Department (Marlborough, Massachusetts), as set forth in the Amended Judgment, remains on the list of payees because it suffered an actual loss, and restitution remains due and payable by Defendant individually in the amount of $172.45; and

    (4)    a typographical error in the amount due to Chartway FCU is corrected, so restitution is due and payable to this payee in the amount of $565.36.

As a result of these changes, the total amount of restitution the Court ordered at the sentencing hearing is unchanged, but the joint and several amount ordered is reduced by $2,625.30.

MONROE, LOUISIANA, this 5th day of January, 2011.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

apparently owed restitution, as set forth above, any award at this point would increase the total restitution owed by Defendant.