UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CR. ACTION NO. 09-00160 |
| VERSUS | JUDGE ROBERT G. JAMES |
| AMON RASHAD PEOPLES | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM ORDER

Pending before the Court is a letter motion [Doc. No. 162] filed by Defendant Amon Rashad Peoples ("Peoples"). Peoples writes the Court to complain that he is being required by the Bureau of Prisons ("BOP") to make restitution payments under its Financial Responsibility Program ("FRP") during his period of incarceration.

Peoples was originally sentenced on December 6, 2010. As part of his Judgment, Peoples was required to pay restitution in the amount of $93, 966.79. [Doc. No. 112]. Page 7 of the Judgment established that payment of the special assessment of $300 was due immediately, but Peoples was not ordered to make restitution payments until thirty days after his release from imprisonment. Although defendants sometimes make payments while imprisoned, a fact recognized in the Court's special conditions of supervised release, the Court did not order Peoples to make restitution until after his release from prison. *See* [Doc. No. 112, p. 5 ("Any portion of the restitution that remains unpaid at the time of the defendant's release from confinement, shall be payable in monthly installments . . . ."). Thus, there appears to be some merit to Peoples' position that he should not be required to make restitution payments during his term of imprisonment.

Additionally, although Peoples' Judgment has been amended twice since he was originally

sentenced, [Doc. Nos. 127 & 129], to correct clerical and plain errors, those corrections did not alter his restitution obligation.

However, if a defendant wishes to challenge the calculation or the manner in which his sentence is being executed, he must exhaust available administrative remedies through the BOP before litigating in federal court. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). The defendant may then seek review in federal court by filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the district in which he is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated.").

In this case, it does not appear that Peoples has exhausted his administrative remedies with the BOP. Further, since he is incarcerated in Texarkana, Texas, the United States District Court for the Eastern District of Texas, not this Court, would have jurisdiction over his section 2241 Petition.[1]
 Accordingly,

IT IS ORDERED that Peoples' motion, which the Court construes as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, is DENIED and DISMISSED WITHOUT

---

[1]While the Court would have jurisdiction over a motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255, Peoples does not appear to challenge the lawfulness of her sentence, just the BOP's manner of the execution of her sentence.

PREJUDICE to his right to re-file in the United States District Court for the Eastern District of Texas.

MONROE, LOUISIANA, this 22nd day of March, 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE