UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CR. ACTION NO. 09-00160 |
| VERSUS | JUDGE ROBERT G. JAMES |
| AMON RASHAD PEOPLES | MAG. JUDGE KAREN L. HAYES |

**MEMORANDUM ORDER**

On March 14, 2013, the Clerk of Court received a letter motion [Doc. No. 162] from Defendant Amon Rashad Peoples ("Peoples"). In that motion, Peoples complained that he was being required by the Bureau of Prisons ("BOP") to make restitution payments under its Financial Responsibility Program ("FRP") during his period of incarceration.

On March 22, 2013, the Court issued a Memorandum Order [Doc. No. 163], explaining that under the applicable Judgment [Doc. No. 112], Peoples is required to pay a special assessment of $300 and restitution in the amount of $93,966.79. [Doc. No. 112]. However, only the special assessment of $300 was due immediately. The Judgment provided that Peoples would begin making restitution payments thirty days after his release from imprisonment.

The Court pointed out, however, that a defendant who wishes to challenge the calculation or the manner in which his sentence is being executed must first exhaust available administrative remedies through the BOP. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). Only then may a defendant seek review in federal court by filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, and only **in the district in which he is incarcerated**. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

Peoples now returns to the Court with another letter motion [Doc. No. 165]. He complains that the BOP is continuing to collect payments on the remaining $175 of his special assessment fee. He asks the Court to amend the judgment and allow him to pay the remaining $175 in one lump sum payment in March of 2014.

First, as previously indicated, to the extent that Peoples seeks to challenge the manner in which his sentence is being executed, i.e. that he is required to participate in the FRP program, he has again brought a petition under 28 U.S.C. § 2241. Such a petition must be brought in the United States District Court for the Eastern District of Texas, the district where Peoples is incarcerated.

Further, to the extent that Peoples moves the Court to amend its Judgment, the Court has no authority to do so on the basis stated. Accordingly,

IT IS ORDERED that Peoples' motion [Doc No. 165], to the extent construed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, is DENIED and DISMISSED WITHOUT PREJUDICE to his right to re-file in the United States District Court for the Eastern District of Texas.

IT IS FURTHER ORDERED that Peoples' motion, to the extent construed as a motion to amend judgment, is DENIED.

MONROE, LOUISIANA, this 18th day of April, 2013.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE