UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 09-00160-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| AMON RASHAD PEOPLES | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM ORDER

Pending before the Court is Defendant Amon Rashad Peoples' ("Peoples") "'Motion to be Released to the Halfway House Immediately' and/or 'Motion to Extradite to Monroe's 'City of Faith'" [Doc. No. 179]. Peoples alleges that he is eligible for release to a community corrections center ("CCC"), but claims that the Bureau of Prisons ("BOP") is wrongfully refusing to place him at City of Faith in Monroe, Louisiana. He alleges that he was issued an incident report over three cell phones found in a laundry bag assigned to him, but that, after a hearing, he was found not guilty. He moves the Court to order his immediate placement at the City of Faith.

To the extent that Peoples complains that the BOP refuses to place him in a CCC prior to the completion of his term of imprisonment, the Court construes his motion as a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. However, the United States Court of Appeals for the Fifth Circuit has "held that a federal prisoner filing a § 2241 petition must first pursue all available administrative remedies." *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012)(citing *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993)); *see also Lundy v. Osborn,* 555 F.2d 534, 534-35 (5th Cir.1977) ( "[G]rievances of prisoners concerning prison administration should be presented to the [BOP] through the available administrative channels. Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.")

(citations omitted)).[1]

The inmate must first present his issue of concern "informally to staff." 28 C.F.R. § 542.13. If informal resolution is not satisfactory, the inmate must follow the BOP's three-tiered administrative remedy procedure. *See* 28 C.F.R. §§ 542.10-542.19. First, the inmate must submit a Request for Administrative Remedy to the warden. *Id.* If the warden denies an inmate's grievance, the inmate may then appeal to the Regional Director. If he is dissatisfied with that response, the inmate may pursue a final appeal to the BOP's Office of General Counsel. *Id.* at § 542.15(a). Administrative remedies have not been exhausted until the inmate's claim has been filed and denied at all levels. *See Rourke*, 11 F.3d at 49. While Peoples complains about his case manager and the camp administrator, it is unclear whether he has tried to resolve the issue of his placement with them. At best, Peoples may have made some attempt to resolve this issue informally, but he has not exhausted the three-tiered administrative remedy procedure.

Accordingly,

IT IS ORDERED that Peoples' motion, construed as a petition under 28 U.S.C. § 2241, is DENIED as premature.

MONROE, LOUISIANA, this 13th day of February, 2017.

*[signature: Robert G. James]*

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] There are exceptions to administrative exhaustion, but they do not apply here. *See Gallegos-Hernandez*, 688 F.3d at 194 (citation omitted).